IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DEBORAH J. NEHER,                                  CV 07-1294-MA

                    Plaintiff,                OPINION AND ORDER

        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.

        **TIM WILBORN**
        19093 S. Beavercreek Road, PMB #314
        Oregon City, Oregon  97945
        (503)632-1120

               Attorney for Plaintiff

        **KARIN J. IMMERGUT**
        United States Attorney
        **BRITANNIA I. HOBBS**
        Assistant United States Attorney
        1000 S.W. Third Avenue, Suite 600
        Portland, OR  97204-2902
        (503) 727-1053

        **L. JAMALA EDWARDS**
        Special Assistant United States Attorney
        Social Security Administration
        701 5th Avenue, Suite 2900 M/S 901
        Seattle, WA  98104-7075
        (206) 615-3749

               Attorneys for Defendant

**MARSH, Judge:**



1- OPINION AND ORDER

The matter before the Court is Plaintiff, Deborah Neher's, Social Security Complaint, seeking judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act).  42 U.S.C. §§ 401-33. For the reasons that follow, the Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings.

## BACKGROUND

Neher applied for DIB May 13, 2005, alleging she became disabled March 1, 2001[1] due to the late effects of cerebrovascular disease, including cognitive, anxiety and adjustment disorders.  Born in November 1948, Neher was 55 years old at the time of her adjusted alleged onset of disability, with a high school education and past work as a child support officer. She had sufficient quarters of coverage to remain insured for DIB through December 31, 2009.  *See* 42 U.S.C. § 416(I)(3).

Neher's application was denied initially and upon reconsideration.  She then requested a hearing, which was held February 26, 2007 before an Administrative Law Judge (ALJ).  At the hearing Neher, who was represented by an attorney, testified, along with two of her friends.  On March 21, 2007 the ALJ issued a written decision finding Neher not disabled, and on June 28,

---

[1] At the hearing Neher amended her alleged onset date to August 30, 2004.

2007 the Appeals Council denied review, rendering the ALJ's decision the Commissioner's final decision from which Neher appeals.

On appeal to this Court Neher claims the ALJ erred by: (1) improperly rejecting her credibility; (2) improperly rejecting lay witness statements; (3) failing to inquire into the nature of Neher's stress intolerance; (4) posing incomplete hypothetical question to the vocational expert; and, (5) failing to find Neher disabled under the medical-vocational guidelines.

## STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla

but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Andrews*, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

Here, at step one, the ALJ found that Neher had not engaged in substantial gainful activity since her amended alleged onset of disability of August 30, 2004. *See* 20 C.F.R. § 404.1520(b).

At step two the ALJ found that Neher had "severe" impairments, including "late effects of cerebrovascular disease,

cognitive disorder, and adjustment disorder.  *See* 20 C.F.R. §
404.1504, 404.1520(c).

At step three the ALJ found that Neher's impairments did not
meet or equal the requirements of any listed impairment, codified
at 20 C.F.R. Part 404, Subpart P, Appendix 1, considered so
severe as to automatically constitute a disability.  *See* 20
C.F.R. § 404.1520(a)(4)(iii).

The ALJ determined that Neher did not have any exertional
limitations, but her residual functional capacity was limited by
the need for simple, routine tasks and instructions, and no more
than occasional contact with the public.  *See* 20 C.F.R. §§
404.1520(e), 404.1545, 404.1567.

At step four the ALJ found that Neher was no longer able to
perform her past relevant work.  *See* 20 C.F.R. §
404.1520(a)(4)(iv).

At step five the ALJ found that Neher could perform other
work existing in significant numbers in the national economy,
such as seedling sorter, marking clerk, and laundry laborer.  *See*
20 C.F.R. § 404.1520(a)(4)(v), 404.1520(g).

## DISCUSSION

In August 2004 Neher retired from her job as a child support
officer with the Child Support Services agency in Santa Rosa,
California.  She testified that she had been struggling to
complete her job duties since undergoing a brain procedure in

March 2001 to repair an aneurysm.  After the aneurysm, Neher took approximately five months of sick leave, then returned to work part-time for about a year.  At this point she resumed working full-time until August 2004, however she testified that she constantly made errors and was asked to correct her mistakes. According to Neher, she is no longer capable of working because she can not follow even simple instructions, she cannot sustain activity for an eight-hour workday due to fatigue, and she is intolerant of stress due to her psychiatric disorders.

The ALJ implicitly discredited Neher's subjective limitations when he wrote:

> Consideration has been given to the medical opinions and lay reporting as discussed above.  Based on the combination of these factors, the claimant's statements concerning her impairments and their impact on her ability to work are accepted only to the extent that they are consistent with the residual functional capacity assessment set forth above.

Neher argues the ALJ erred here by not identifying the specific testimony he rejected, and by failing to give clear and convincing reasons, based on substantial evidence in the record, for discounting Neher.  I concur.

An ALJ cannot reject a claimant's testimony without giving clear and convincing reasons.  *Holohan v. Massanari*, 246 F. 3d 1195, 1208 (9th Cir. 2001)(citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.1998).  In addition, the ALJ must specifically

identify the testimony he finds not credible, and explain what evidence undermines the testimony. *Id*. Thus, upon remand the ALJ is directed to identify what testimony he found not credible, and give clear and convincing reasons for concluding that it is not reliable.

Neher also argues that this statement was insufficient to reject the lay witness testimony of her friends Carol Pacheco and Teresa Moynihan, who both testified that Neher does not understand sewing project instructions and makes lots of simple mistakes, and that Neher was overwhelmed while she was working. Further, Neher's former boss, Cynthia Moore, wrote a letter stating that Neher's abilities declined after her aneurysm and she was unable to handle working full-time at that job. Although the ALJ did review the testimony of these witnesses, he did not specify why he found any of them less than fully credible.

Neher correctly argues that if the ALJ rejects a lay witness' testimony, he must provide reasons germane to each lay witness. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Thus, upon remand the ALJ is directed to provide such reasons for each of Neher's three lay witnesses, if he continues to believe their testimony cannot be fully credited.

Next, Neher contends the ALJ erred by failing to inquire about the nature of her alleged stress intolerance resulting from

7- OPINION AND ORDER

her mental impairments.  Neher contends the ALJ was legally obligated to make such an inquiry pursuant to Social Security Regulation (SSR) 85-15.

The policy statement emphasizes that a mentally ill claimant may be found disabled, even if she does not have any exertional limitations and could otherwise perform a full range of unskilled work, because "the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of a job."  SSR 85-15 *6.  It states that a mentally ill claimant may "cease to function effectively when facing such demands as getting to work regularly, having [her] performance supervised, and remaining in the workplace for a full day."  However, the only duty SSR 85-15 imposes on the ALJ is to include in the claimant's RFC assessment "any impairment-related limitations created by an individual's response to demands of work...".  I infer from Neher's other arguments that she contends the ALJ erred by not including in her RFC assessment: (1) her alleged inability to follow simple instructions on a sustained basis; (2) her alleged inability to sustain work activity eight hours a day, five days a week; and (3) the alleged exacerbation of her psychiatric symptoms when she is stressed and fatigued.

Neher does not specifically challenge the ALJ's assessment of the medical evidence, and I find it to be legally sufficient.

8- OPINION AND ORDER

However, on remand the ALJ must reassess Neher's RFC because by failing to properly evaluate Neher's testimony and the testimony of her lay witnesses, the RFC assessment is legally flawed. The RFC assessment must be based not only on the medical evidence but upon all the relevant evidence in the case record, including lay evidence, evidence from attempts to work, work evaluations, need for a structured environment, and reports of daily living. SSR 96-8P *5. Upon reevaluation of Neher's RFC, the ALJ should also reevaluate steps four and five of the sequential evaluation.

<u>**CONCLUSION**</u>

Based on the foregoing, the Commissioner's decision is REVERSED and this case is REMANDED.

IT IS SO ORDERED.

DATED this 14_ day of August, 2008.


                                   __/s/  Malcolm F. Marsh____
                                   Malcolm F. Marsh
                                   United States District Judge